HENRY J. BURNS, Plaintiff, *v.* THOMAS E. BRODERICK and Others, Comprising the Town Board of the Town of Irondequoit, New York, Defendants.

HENRY J. BURNS, Plaintiff, *v.* WILLIAM J. CALLISTER and Others, Comprising the Board of Supervisors of the County of Monroe, New York, Defendants.

Supreme Court, Monroe County, May 19, 1931.

*MacFarlane & Harris*, for the motion.

*John Van Voorhis*, for town board of Irondequoit, and *James E. Cuff*, for county of Monroe, opposed.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave*, for Syracuse Paving & Contracting Company, Inc., and LeRoy Colprovia Pavements, Inc., submitting affidavits in opposition.

RODENBECK, J. One claim made by the plaintiff is that the patented process Colprovia, for which a bid was submitted, is untried and experimental. The selection of a pavement is a matter for the municipal authorities, and when the selection is not abused and there is no evidence of fraud or illegality, the choice of the municipal authorities will not be disturbed. In this instance the claim that Colprovia is untried and experimental is disputed by

affidavits submitted in opposition to the motion for a temporary injunction, and there is no evidence of fraud or illegality in the selection of this pavement as one to compete with two other types.

Another claim made is that there was not a full and free opportunity to compete for Colprovia. In opposition to this claim it appears that the same price was submitted to all of those who desired to bid upon this work. The inference sought to be drawn by the plaintiff, namely, that a lower price must have been given to the Syracuse Paving and Contracting Company, is not the only inference to be drawn from the low bid of that company. It may very well be that that company, being anxious to secure the work, submitted what appears to the other bidders to be an absurdly low bid. If that be so, the advantage is to the property owners who are to pay for the improvement.

Not only was an opportunity afforded to bid on Colprovia upon equal terms, but the form of bidding also offered an opportunity for competitive bidding between that process and two other non-patented processes. This form of bidding is sanctioned by the case of *Warren Bros. Co.* v. *City of New York* (190 N. Y. 297), where three methods of pavement were provided, one of which was a patented process, and the Court of Appeals said in that case: " We are of opinion that the scheme devised * * * permitting the owners of patented and unpatented pavements to join in bidding for contracts to lay the same * * * is, under all the circumstances, feasible, workable and affords a fair and reasonable opportunity for competition " (p. 308). (*Holly* v. *City of New York*, 128 App. Div. 499.)

So far as the award of the contract is concerned, the choice of pavement has been vested by law with the local authorities, and their choice will not be interfered with unless fraud or illegality is shown. The statute relating to the town of Irondequoit provides that the contract may be awarded to the " lowest responsible bidder, or to such other bidder as the town board may in its judgment determine to be for the best interest of the property owners affected." (Laws of 1926, chap. 549, as amd. by Laws of 1927, chaps. 104, 619, 636, 637.) (See, also, Laws of 1927, chap. 638.) This statute, also, gives the property owners an opportunity to select the pavement desired, provided it is exercised at the proper time. The statutes relating to the county of Monroe provide that the contract " shall be awarded to the lowest responsible bidder." (Highway Law, § 130, subd. 3, as amd. by Laws of 1928, chap. 648.) " In determining who is the lowest responsible bidder or the lowest and best bidder, the proper municipal authorities have a wide discretion which will not be controlled by

the courts except for arbitrary exercise, manifest abuse, clear transgression of power, fraud or collusion." (44 C. J. 341.)

The courts are not disposed to so construe full and free competition as to place obstacles in the way of adopting a new and patented process, for fear of excluding some improvement in paving material. As was said by the Court of Appeals: " It may well be in this age of invention and progress that the wit of man may devise, if it has not already, a smooth and noiseless pavement that is cheaper and more enduring than any now in use. If this proves to be the fact, there is no reason why the inventor and the city should not profit by this situation." (*Warren Bros. Co.* v. *City of New York, supra,* 309.)

The town officials, however, should profit by the experiences of the past by exercising their authority, in this instance, in the best interest of those who are to pay for the improvement, and thus avoid a repetition of the scandals that have cast a shadow over the town of Irondequoit, that has been so outrageously exploited in the past.

Injunction, heretofore granted, vacated, and temporary injunction *pendente lite* denied.

So ordered.