DEPARTMENT OF WELFARE OF THE CITY OF NEW YORK, Respondent, v. LAWRENCE MORAN, Appellant.— Considering the length of time since the child's birth (1940) with the consequent vagueness and uncertainty of the complainant's testimony on several important points, it appears that the evidence falls far short of the requirement that it be clear, convincing and satisfactory. Order unanimously reversed, without costs and the complaint dismissed. Settle order. Present — Cohn, J. P., Callahan, Breitel, Botein and Rabin, JJ.

UNITY SHEET METAL WORKS, INC., Plaintiff, v. FARRELL LINES INCORPORATED, Defendant and Third-Party Plaintiff-Appellant. MERRITT-CHAPMAN & SCOTT CORPORATION, Third-Party Defendant-Respondent.— Order dismissing third-party complaint unanimously modified, and as so modified affirmed, without costs, by granting leave to replead as to the second and third causes of action. From the circumstances of this case, it cannot be said that the third-party plaintiff is not in a position to plead a valid cause of action, either for breach of the general contract, or, for breach of the agreement to assume all costs and expenses that would arise in connection with replacement of the patch-work siding by new siding. The second cause of action, as it now reads, is based on the theory of indemnity, and for that there is no warrant. On the other hand, it is not possible to say at this time that an owner or lessee is not in a position to recover from a general contractor for damages resulting from improper supervision of the job in which the owner or lessee's employee or agent induces a subcontractor to violate the requirements of the general contract. So too, with respect to the third cause of action, as it is now pleaded, it is insufficient. The expression "absorb all the costs of labor and material used in doing the patch job" may accurately repeat the language of the parties, but it hardly pleads the ultimate facts of the agreement upon which the third-party plaintiff apparently relies. Whether it can plead a good cause of action or whether such a pleading can avoid the perils of the parol evidence rule, it is not possible now to determine. Settle order. Present — Cohn, J. P., Callahan, Breitel and Botein, JJ.

JACOB GOODMAN & CO., INC., Appellant, v. NEW YORK TELEPHONE COMPANY et al., Respondents.— Orders unanimously affirmed, without costs. See *Goodman & Co.* v. *New York Tel. Co.* (*ante,* p. 404), decided simultaneously herewith. Settle order. Present — Cohn, J. P., Callahan, Breitel and Botein, JJ. [206 Misc. 696.] [See *post,* pp. 882, 943, 944.]

PATRICIA L. NEVIN, Appellant, v. SOPHIE N. WEMPLE et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to respondents. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Rabin, JJ.

In the Matter of EDWARD FALVEY, Appellant, against GEORGE P. HAYS et al., Constituting the Waterfront Commission of New York Harbor, Respondents.— Order unanimously affirmed, with $20 costs and disbursements to respondents. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Rabin, JJ.