In the Matter of VINCENT HANZICH, Petitioner, against WATERFRONT COMMISSION OF NEW YORK HARBOR et al., Respondents.

PECK, P. J. (dissenting). This is an article 78 proceeding to review a determination of the Waterfront Commission denying petitioner's application for registration as a longshoreman.

Petitioner had been convicted in 1948 of the crime of possessing goods stolen from a foreign shipment. He then left the waterfront and obtained a position as a building superintendent. He lost that job in 1951 and, being unable to find other employment, returned to the waterfront in 1951. Three years of unquestioned work on the waterfront followed until February, 1954, when petitioner was denied registration as a longshoreman by the newly created Waterfront Commission.

Aside from this conviction, the record contains facts which would commend petitioner for favorable consideration and other facts which might be considered unfavorable. Had the commission's denial of registration been based upon an indicated finding that *all facts considered*, including the conviction, it did not consider petitioner qualified and was therefore exercising its discretion in denying his application, I would not be able to say that its action was arbitrary and capricious, although frankly this petitioner enlists my sympathy. It does appear, however, that the hearing officer of the commission and the commission itself gauged its consideration of the case and conclusion to standards of qualification for pier superintendents and hiring agents rather than to standards set for longshoremen. It is not clear that if the commission had viewed petitioner's application in proper perspective it would have denied the application. I think, therefore, that the determination of the commission should be annulled on the law and the matter remitted to the commission for further determination in accordance with proper standards.

The difference between the standard to be applied to a longshoreman and a pier superintendent or hiring agent may be a nice one, but it is one of substance and of sufficient importance that the Legislature understandably drew a distinction between longshoremen and supervisory personnel. In the case of longshoremen, conviction of a crime is ground for the exercise of discretion upon the part of the commission in denying an application for registration. In the case of a pier superintendent or hiring agent, conviction of a crime within a period of five years is a disqualification, with a discretion in the commission to waive or remove the ineligibility upon a finding that the applicant has submitted satisfactory evidence that he has for a period of not less than five years so conducted himself as to warrant a grant of such a license.

The difference is that in the latter case the disqualification upon conviction is positive and automatic and the burden is upon the applicant to show convincing ground for removing the disqualification. In the case of a longshoreman, however, conviction of a crime is not a disqualification but merely a factor to be taken into consideration in the exercise of the commission's discretion in granting or denying registration. In the findings of the hearing officer in the present case, the hearing officer reported after summarizing the evidence — " The evidence produced by the applicant is insufficient to justify the Commission in waiving his statutory disqualification. It is recommended, therefore, that his application be denied." There was no statutory disqualification.

Clearly, although unwittingly, the hearing officer was imposing upon petitioner the test for a pier superintendent or hiring agent. He was placing upon petitioner a higher burden than the law required. This error was also reflected in the order of the commission. It does not seem to me that we would be justified in saying that the action of the commission would have been the same had the

proper standard been observed. It would be an affront to the law, carefully delineated, to assimilate tests and standards and definitions of discretion which for recognizable reasons were intended to be different. It would likewise be grossly unfair to the individual who might pass a lesser test although failing the higher one. I therefore dissent and vote to annul the order appealed from and remand the matter to the commission for further consideration.

Cohn, Callahan, and Breitel, JJ., concur in decision; Peck, P. J., dissents in opinion in which Rabin, J., concurs.

Determination confirmed, with $50 costs and disbursements to the respondents, and the petition dismissed.