JOHN SCHULTZ, Appellant, *v.* WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.

First Department, December 24, 1970.

*Robert F. Williams* of counsel (*Marttie Louis Thompson* and *Stephen Wizner* [*MFY Legal Services, Inc.*], attorneys), for appellant.

*Carmine A. Cardone* of counsel (*Irving Malchman* and *Leonard Picariello* with him on the brief; *William P. Sirignano,* attorney), for respondent.

STEUER, J.  Petitioner challenges the determination of the Waterfront Commission of New York Harbor which denied his application to be included in the longshoremen's register. In 1954 petitioner, who had been working on the docks as a longshoreman, was denied registration as a longshoreman. The reason was that for a nine-year period he had been repeatedly arrested and convicted for various forms of larceny.  Upon this refusal he obtained work as a cooper on the docks, which lasted until 1958 when coopers became subject to respondent's jurisdiction and he was again excluded.  In this period he was arrested for knowingly receiving goods stolen in interstate commerce, and subsequently convicted.  Since his release, from 1961 he has not been on the docks.

His application is based on the contention that since this last conviction he has been free of all criminal activity and has been entirely rehabilitated.  He claims that the respondent offered no evidence to refute this contention and, hence, the denial of his application was arbitrary.  We do not so regard it.  The particular crimes for which petitioner was convicted all involved thefts of goods to which longshoremen have access by virtue of the nature of their work.  It is well known that the incidence of such larcenies is great and is one of the most serious conditions with which respondent has to contend.

The Waterfront Commission is given complete discretionary power to reject any applicant who has been convicted of a felony in the United States courts (which this applicant has been) (Waterfront Commission Compact, article VIII, § 3, subd. [a]; L. 1953, ch. 882, Part I, art. VIII, § 3, subd. [a]).  Granting that an arbitrary determination would not be an exercise of discretion, we do not believe that the failure to introduce evidence to refute petitioner's claim of rehabilitation demonstrates arbitrariness.  Respondent was not required to accept at face value the self-serving declarations of petitioner or the conclusory allegations of the supporting affidavits.  At best these represented qualitative appraisals of future conduct.  It is the commission's responsibility to formulate a judgment, as it is likewise its responsibility to contain crime on the docks.

It is recognized that in such circumstances the relationship of the earlier crimes to the site and nature of the activities within the authority's competence can be a greater factor than the age of the earlier conviction (*Matter of Barton Trucking Corp.* v. *O'Connell*, 7 N Y 2d 299, 313). The credit to be given evidence of rehabilitation is the responsibility of the commission (*Matter of Falvey* v. *Hays*, 205 Misc. 546, affd. 285 App. Div. 879). And the rule is that where a body is charged with responsibility in a highly sensitive area its determination in regard to one previously convicted of a serious crime is final, unless it is wholly lacking in rationality (*Matter of Taurisano* v. *State Liq. Auth.*, 284 App. Div. 124, 126). The courts, not charged with the onus of maintaining orderly conditions in this area, should not substitute their judgment for that of the responsible authority, nor seek to exercise a clement tenderness that is the prerogative of others.

The judgment (Starke, J.) entered January 7, 1970, should be affirmed, without costs and without disbursements.

McGivern, J. (dissenting). I feel that since the Legislature gave the commission the discretionary power to recognize rehabilitation, it should have done so here, at least to the extent of giving the petitioner a probationary status. His last criminal offense was over 15 years ago. Actually, he worked on the docks, as a cooper, until 1960, without incident; and had worked as a longshoreman until 1958, having started at the age of 17 years. It was the only way of life he knew and loved. Said he: " Well, I have been down here most of my life. I was contented with the work. It's a good income for my family. It's my whole life since I have been a kid ".

It thus seems particularly poignant to me, and a social and an economic waste, to deny this able-bodied veteran an opportunity now to do hard labor because of some misdeeds done in the long ago under the stress of temptations about which we know not. He petitions us now not to work in Tiffany's, nor at Fort Knox, nor as a cashier in a bank. He begs the privilege of wielding a bale hook on the open piers, in the cold of winter and the heat of summer, in order to put bread on the family table. I vote to give him a chance.

When a lawyer falls from grace, if not disbarred, he is suspended for a period, and then readmitted to a position of trust in an honored fellowship. Nay, and which is more, he may be disbarred. There is still provision he may be readmitted on evidence of rehabilitation, even though convicted of a crime.

The same holds true of doctors, even men of the cloth. Why should longshoremen be measured by yet more lofty, and perhaps unattainable, standards?

We have before us a family man, 45 years of age, whose only work skills are attuned to the waterfront. For 10 years he has been forced to scrounge around, unsuccessfully, for odd jobs as a janitor, trucker, bartender, to support an ailing wife and a child, getting by only by help from veterans welfare. He has stayed straight and clean for 15 years. He comes supported by attestations by professionals in social work, by the family physician, and by neighbors. And there is nothing in this record to controvert these representations that the applicant is completely rehabilitated. Society cannot possibly suffer from an extension of mercy by permitting this man to do hard work, on the unrefuted evidence of his rehabilitation. Quite the reverse.

These views are not of novel import. In the *Matter of Papoutsis* v. *State Liq. Auth.* (32 A D 2d 284) a license of a bar and grill was restored, even though the licensee had been convicted of a serious crime. In the *Matter of La Greca Rest.* v. *New York State Liq. Auth.* (33 A D 2d 537) this court noted that the discretion vested in an administrative agency to grant a license must be "consonant with the policy of the State to assist in the rehabilitation of persons convicted of crime". (See, also, *Matter of Nalore* v. *Baker,* 244 App. Div. 554; *Matter of Ciccio* v. *O'Connell,* 17 A D 2d 771.) Judges the most eminent have recorded similar views: In the *Matter of Barton Trucking Corp.* v. *O'Connell* (7 A D 2d 36, 41, revd. 7 N Y 2d 299) then Mr. Justice BREITEL said: "If there were some evidence or some supportable finding that the applicant had been engaged in illegal activities immediately or proximately prior to the making of the application, or some similar showing that the applicant was likely to use its license for illegal purposes, then, of course, the commissioner, under the principles earlier discussed, might have the power to withhold the granting of the license. But there was no such showing here. All that appears were a conviction of more than two decades ago and a number of arrests which resulted in dismissals of the criminal proceedings. * * * An old conviction and some old arrests, without more, does not establish unfitness." And, in the *Matter of Hanzich* v. *Waterfront Comm. of New York Harbor* (286 App. Div. 835, 836) PECK, P. J., said: "In the case of a longshoreman, however, conviction of a crime is not a disqualification but merely a factor to be taken into consideration in the exercise of the

commission's discretion in granting or denying registration.'' (Dissenting opinion.)

Accordingly, I find the refusal to include petitioner in the longshoremen's register an arbitrary and capricious abuse of discretion, and I would remand for the purpose of issuing a temporary registration as a longshoreman to the applicant, provisional on his continued good behavior.

EAGER, J. P., and TILZER, J., concur with STEUER, J.; McGIVERN, J., dissents in an opinion in which CAPOZZOLI, J., concurs.

Judgment, Supreme Court, New York County, entered on January 7, 1970, affirmed, without costs and without disbursements.