In the Matter of PHILIP F. TAURISANO, Doing Business as THE DIAMOND HORSESHOE, Respondent, against STATE LIQUOR AUTHORITY, Appellant.

Third Department, May 21, 1954.

*William C. Phelan* and *Alvin McKinley Sylvester* for appellant.

*Frank G. Pratt* for respondent.

*Per Curiam.* The State Liquor Authority disapproved the petitioner's application for a restaurant liquor license on the ground that the "prior record of law observance of the applicant is such that the issuance of a new license would create a high degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law in that applicant was arrested and convicted [*sic*] during February 1943 to a term of two years minimum, five years maximum, and execution of

said sentence suspended ''. It appears that the applicant had pleaded guilty to the crime of being '' an accessory to a felony '', the felony being that of murder. The murder had been committed by the petitioner's brother in Utica, New York, and the petitioner had thereafter transported him by automobile from the City of Utica to the City of Rome, New York, and had subsequently refused to disclose his whereabouts to the police authorities.

Upon the basis of these facts, the petitioner was indicted for a violation of section 2 of the Penal Law as an accessory to the felony of murder. He pleaded guilty and was sentenced to a term of two to five years but the sentence was suspended and the petitioner was placed on probation for five years. The petitioner's brother was convicted of murder in the second degree and was sentenced to thirty years imprisonment and is still imprisoned.

The petitioner had applied for and procured from the Parole Board a certificate of good conduct which was required by subdivision 1 of section 126 of the Alcoholic Beverage Control Law, to make the petitioner eligible for a liquor license. Affidavits and statements were presented to the State Liquor Authority to support the petitioner's claim that his conduct had been uniformly good. The petitioner also submitted affidavits of a former detective and a former acting District Attorney with respect to the circumstances of the petitioner's conviction.

The Special Term held, upon these papers, that the State Liquor Authority's action in denying a license to the petitioner was arbitrary and capricious. In this, we believe, the Special Term erred. The good conduct certificate issued by the Parole Board merely removed the petitioner's disability and made him eligible to apply for a liquor license but the statute still left in the Liquor Authority discretion to determine whether a license should be issued to a person in the situation of the petitioner (Executive Law, § 242, subd. 3, par. [d]). It was for the Authority to say what credence and weight should be given under the circumstances to the affidavits and statements submitted on the petitioner's behalf.

In view of the serious nature of the crime of which the petitioner had been convicted, clearly involving moral turpitude, we cannot say, as a matter of law, that it was arbitrary or capricious for the Authority to deny a license to the petitioner. The question is basically one of public policy, the carrying out of which has been entrusted by the Legislature to the Authority.

The Authority is charged with responsibility for the protection of the public interest in a highly sensitive area and, in this situation, there is special reason to apply the rule that a decision made by an administrative agency in the exercise of its discretion is final, unless it is wholly lacking in rationality. (*Matter of Battaglia* v. *O'Connell,* 269 App. Div. 1002; *Matter of Fiore* v. *O'Connell,* 297 N. Y. 260; Benjamin on Administrative Adjudication in State of New York, pp. 344–346.)

The order should be reversed, the petition dismissed and the determination of the State Liquor Authority confirmed, without costs.

IMRIE, J. (dissenting). I dissent. The matter of immediate concern here is not whether petitioner should be granted a liquor license, but whether the Authority's action with respect to his application was within or beyond the scope of a lawful exercise of the discretion vested in it by the Alcoholic Beverage Control Law. It is unquestionable that the discretion is broad and carries with it an onerous responsibility to see that such licenses are not improvidently granted. Nor is it here suggested that the issuance of the certificate of good conduct in any manner diminishes the discretionary power of the Authority to refuse the issuance of any license. Without such a certificate, the refusal of a license is mandatory. After the certificate of good conduct, the action of the Authority then becomes a matter of discretion, which calls for consideration of something beyond the certificate of conviction and the implications limited thereto. In this case, the Authority's notice of disapproval is, in terms, tied to the certificate of conviction. That there was consideration of other matters is, perforce, a matter of assumption only. Nor do the self-serving conclusions of the Authority's answer herein nor the arguments of its brief supply the lack.

If a ruling were to be made that the board, in passing on the delicate subject of issuing a license to a person who had previously been convicted of a felony, is justified in acting solely on the existence of the certificate of conviction, such a ruling would warp the clearly expressed intent of the law. Section 126 (subd. 1) thereof bars from the sale of alcoholic beverages " A person who has been convicted of a felony \* \* \*, unless subsequent to such conviction such person shall have received an executive pardon therefor removing this disability or a certificate of good conduct granted by the board of parole pursuant to the provisions of the executive law to remove the disability under this section because of such conviction.''

That section does not mandate the issuance of a license to one whose disability has been so removed, but seems to me instinct with the concept that consideration may be given to circumstances of the conviction as well as the extent to which rehabilitation of character has occurred.

Perhaps it would have been more salutary, certainly simpler, if no provision had been made for the removal of the prescribed disability. Clearly there was reason in the framing of this particular legislation. We cannot assume that the certificate of good conduct required from the board of parole was inserted as a mere automatic or mechanical device to permit a person receiving it to make a futile application for a license. It is somewhat cynical to suggest that the use, in the certificate of good conduct, of the words, " for the following purpose only: To end disability under Section one hundred twenty-six (126) of the Alcoholic Beverage Control Law ", implies that the Parole Board does not thereby vouch for the good conduct of the person so certified.

In the light of the extensive showing of the circumstances of the conviction and of the lifetime record of petitioner, I agree with the court at Special Term that the action of the Authority in this case was arbitrary and unreasonable.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur in *Per Curiam* opinion; IMRIE, J., dissents, in an opinion.

Order reversed, and the petition dismissed, and the determination of the State Liquor Authority confirmed, without costs.