Arnold L. Fein, J.
This is an article 78 proceeding to review respondent State Liquor Authority’s determination disapproving petitioner’s application for permission for part-time employment as a waiter in a licensed premises. Subdivision 2 of section 102 of the Alcoholic Beverage Control Law requires that one who has been convicted of a felony, and has not been pardoned, must obtain ‘ ‘ written approval of the state liquor authority permitting such employment ”. Petitioner has been convicted of four felonies, including burglary, armed robbery and mail theft. He is presently on parole, having been released from incarceration in May, 1968.
Petitioner filed the requisite petition for approval with respondent. He was given a brief interview by one of its officials. There was no hearing, no hearing officer and no adversary proceedings. No minutes were taken. Petitioner was not afforded an opportunity to introduce or cross-examine witnesses or to inspect documents or to offer evidence in explanation or rebuttal. He was not permitted to present evidence as to the extent of his rehabilitation and other activities since his release from incarceration. Respondent also investigated the prospective employer.
The Division of Parole of the State of New York, in a letter to respondent, dated April 12, 1971, analyzing petitioner’s criminal record and post-release activities, “ respectfully requested that the subject be given approval * * * to work” as a waiter in the licensed restaurant.
Respondent’s Deputy 'Commissioner recommended that the application be “deferred”. Respondent’s Commissioners, by a vote of three to one, disapproved petitioner’s application: “ The adverse arrest record and- conviction record of the petitioner is such that to approve this petition for employment would create a high degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law and would not serve the public convenience and necessity.” The dissenting Commissioner recommended re submission after a determination of the relationship of one, Garcia, to the licensed premises.
Petitioner has submitted an affidavit by Melvin Rivers, president of the Fortune Society, Inc., a society organized to create a greater public awareness of the prison system and the causes of crime, and to assist ex-convicts, current inmates and their families. It maintains a store and publishes a monthly newsletter. The affidavit shows petitioner has been an active participant in the work of the society, testifying before governmental agencies, participating in public forums, *253 and similar activities. Petitioner was employed as manager of the Fortune Society store for almost one year. He worked for the Band Institute in a study of court reform, and with ‘ ‘ The Theatre for the Forgotten ’ ’, which brings theatre and theatrical training to prison inmates. Petitioner is currently employed as a New York sales representative for a California corporation.
Bespondent authority is charged with the responsibility of administering the Alcoholic Beverage Control Law. It has broad discretionary powers. Its members have expert knowledge of what is most conducive for the orderly administration of the Alcoholic Beverage Control Law. However, the record does not indicate that respondent had before it the available evidence as to petitioner’s rehabilitation.
The affidavit of Commissioner Schmidt, submitted in opposition, states:
* ‘ While the Liquor Authority agrees that the rehabilitation of ex-convicts is an important social consideration, we felt that the rehabilitative effect in the present case was slight since the petitioner is presently employed in a full-time capacity as a salesman for a novelty company and his livelihood is not dependent on obtaining the employment as a waiter.
“ When the slight rehabilitative effect in the present case was weighed by us against the recidivistic history of the petitioner we decided that the application must be denied.”
That petitioner has other employment would not seem to demonstrate lack of ‘1 rehabilitative effect”. Moreover, adequate consideration does not appear to have been given to the letter from the Division of Parole briefly outlining petitioner’s criminal record and post-incarceration employment and other activities, and recommending approval. The nature of the proceedings of respondent clearly did not permit a full and complete hearing and consideration respecting petitioner’s rehabilitation.
Petitioner contends that subdivision 2 of section 102 of the Alcoholic Beverage Control Law is unconstitutional, at least as applied to him, in that it deprives him of due process of law because of (1) the absence of procedural safeguards, such as a hearing by an impartial hearing officer, and (2) the lack of a rational or reasonable connection between the employment restriction imposed and petitioner’s fitness for employment. He further contends that (1) the statute deprives him of the equal protection of the laws because its discrimination is arbitrary and does not relate to the purpose of the statute, and (2) respondent’s determination was arbitrary, capricious *254 and an abuse of discretion because it failed to consider the extent of petitioner’s rehabilitation.
The police power of the State to regulate the sale and distribution of alcoholic beverages is undoubted. (Seagram & Sons v. Hostetter, 16 N Y 2d 47, affd. 384 U. S. 35, rehearing den. 384 U. S. 967.) This includes the power to impose reasonable conditions respecting the issuance of licenses for such sales. (Matter of Taurisano v. State Liq. Auth., 284 App. Div. 124.) However it is essential that all concerned with licensing, legislators, courts and administrators, conduct the system with all propriety and fairness. Currently occupational licensing has become widespread. "When a license is required, even for ordinary jobs, the licensing function must be administered so as to insure that administrative haste or rigidity does not deprive anyone of the fundamental ‘1 right to make a living’ ’ ’. (Matter of Brown v. Murphy, 34 Misc 2d 151, citing cases.)
It is unnecessary to review the cases which attempt to make a distinction between a privilege and a right in order to determine what procedural niceties are required. It is now clear in this State that no single rule is applicable to all licenses. The character of the particular license should be considered in determining the appropriate procedural safeguards. (Matter of Fink v. Cole, 1 N Y 2d 48; Matter of Perpente v. Moss, 293 N. Y. 325; see Matter of Barton Trucking Corp. v. O’Connell, 7 N Y 2d 299; Matter of Brown v. Murphy, supra.)
When the ordinary occupation of a waiter is of such importance to the individual concerned, it sug’gests undue rigidity and a mechanistic approach to deny a hearing and to preclude the individual from obtaining the job by calling the right to such job a privilege.
One whose right to obtain employment is subject to approval by an administrative agency should be afforded an opportunity to call and to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal. (See Matter of Hecht v. Monaghan, 307 N. Y. 461.) Even though the statute here involved does not mandate a hearing, it must be concluded that failure to afford one would violate due process. (Schware v. Board of Bar Examiners, 353 U. S. 232; Goldsmith v. Board of Tax Appeals, 270 U. S. 117.) Matter of Vassallo v. State Liq. Auth. (21 A D 2d 880), relied on by respondent, is distinguishable. The issue decided there was the right to renew a liquor license not the right to a job. The question here at hand was moot in Vassallo. There must be that procedural fairness and regularity which are of the essence of liberty. Although technical rules of evidence and procedure *255 may be disregarded, no essential element of a fair hearing should be dispensed with unless waived.
Although the Authority is vested with the duty to determine who may obtain licenses to operate premises dispensing alcoholic beverages and who may work in such premises, it would be unjust and unfair mechanically to apply the statute so as to prevent anyone who had ever been convicted of a felony from engaging in such occupation. So applied the statute might very well be unconstitutional. The presumption in favor of constitutionality is strong. (Matter of Van Berkel v. Power, 16 N Y 2d 37.) However, it is unnecessary here to decide whether it is unconstitutional to consider felony convictions in determining the right to such a job. If the statute be reasonably read and fairly applied, as it must be (Matter of Coates, 9 N Y 2d 242), it requires only that the administrator consider the nature of the crime committed and its bearing on the type of job sought and give important weight to the need of the applicant for an opportunity to prove that he has outlived his anti-social habits and that he can honestly and conscientiously perform in the occupation in question. (Matter of La Greca Rest. v. New York State Liq. Auth., 33 A D 2d 537.) In the face of increasing licensing requirements, applying to more and more types of employment, any other practice might very well foreclose the possibilities of rehabilitation to any person convicted of crime, by blocking every opportunity for employment in an available vocation for which he is suited. Permanent civil disqualification should not be part of punishment. It cannot aid in rehabilitation.
It is of significance that the New York State Division of Parole, whose prime concern is the rehabilitation of ex-convicts, has here made a finding that the petitioner is sufficiently rehabilitated for the employment he seeks. Although due recognition must be given to respondent’s duties with respect to regulating the traffic in intoxicating liquors, the exercise of such duty must be “ consonant with the policy of the State to assist in the rehabilitation of persons convicted of crime ’ ’. (Matter of La Greca Best. v. New York State Liq. Auth., 33 A D 2d 537, 538, supra.) There is obviously a need to balance concerns. At a minimum, in determining the issue, a full hearing with a record is essential. We deal in a difficult area, requiring careful and compassionate consideration. At a time when the rehabilitation of those convicted of crime is essential, it is manifest that a fair hearing is the best approach to providing the sensitive tool which the situation requires.
*256 Accordingly the petition is granted to the extent of remanding the proceeding to the New York .State Liquor Authority for further consideration, including a fair hearing with a record adequate for review. Any other course would be a denial of due process.