■ In the Matter of CHARLES BERGANSKY, Respondent, v. STATE OF NEW YORK LIQUOR AUTHORITY, Appellant.— Judgment, Supreme Court, New York County, entered December 14, 1971, remanding the matter to respondent-appellant, reversed, on the law, without costs and without disbursements, and the petition dismissed. Respondent-appellant State Liquor Authority made a determination disapproving petitioner-respondent's application for permission to be employed part-time as a waiter in a licensed premises. Petitioner having been convicted of felony, he required such permission as prerequisite to such employment (Alcoholic Beverage Control Law, § 102, subd. 2). Despite a record of multiple felony convictions, the State Division of Parole had recommended the approval sought by petitioner. The Authority's deputy commissioner interviewed petitioner, and the Authority then disapproved the application: "The adverse arrest record and conviction record of the petitioner is such that to approve this petition for employment would create a high degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law and would not serve the public convenience and necessity." At Special Term, petitioner submitted the affidavit of an official of Fortune Society, one of the expressed aims of which is assistance of ex-convicts, attesting to petitioner's efforts at rehabilitation. In opposition, a commissioner of the Authority stated: "While the Liquor Authority agrees that the rehabilitation of ex-convicts is an important social consideration, we felt that the rehabilitative effect in the present case was slight since the petitioner is presently employed in a full-time capacity as a salesman for a novelty company and his livelihood is not dependent on obtaining the employment as a waiter. When the slight rehabilitative effect in the present case was weighed by us against the recidivistic history of the petitioner we decided that the application must be denied." Special Term remanded to the Authority "for further consideration, including a fair hearing  *  *  * which shall include: 1. The opportunity for petitioner to introduce evidence, to cross-examine witnesses, to inspect documents, and to be represented by counsel; and 2. A record adequate for review." The Authority appeals by Special Term's permission. The operative facts underlying the Authority's determination are beyond dispute: several convictions of burglary, and robbery. The statute (Alcoholic Beverage Control Law, § 2) which sets forth State policy, declares that it is enacted "for the protection, health, welfare and safety of the people of the state." Thus is defined the Authority's duty. The measure of correctness of its decision herein is whether it is within the Authority's discretion, bottomed on a rational basis. (See *Matter of Rios* v. *State Liq. Auth.,* 32 A D 2d 995.) It is well to understand that this test cannot be applied in a vacuum by generalization. It must be applied to one case at a time, and, so considered, in this case it is apparent that the standard is satisfied. The Authority had before it all the evidence germane to its decision herein. Translated into other words, it decided that no amount of evidence of rehabilitation could overcome petitioner's background, and that, in fulfillment of its statutory duty (§ 2), it could not afford to take chances in this case. That exercise of discretion based on petitioner's background cannot

be faulted. There is concededly no requirement imposed by statute that a formal hearing be held. See in this regard *Matter of Fredette* v. *Hostetter* (36 A D 2d 891). Nor do we know of any holding which equates a formal hearing with constitutional due process of law. That would exalt form over substance. Of substance there is more than enough in the case before us. The purpose of the Authority's inquiry is to assemble pertinent information. A formal hearing, complete with cross-examination and sworn witnesses, would have added nothing to the undisputed operative facts. The weight to be given by an administrative agency to evidence of rehabilitation is for that agency to determine (*Schultz* v. *Waterfront Comm. of N. Y. Harbor*, 35 A D 2d 373). In the face of undisputed evidence of a record of serious and repeated crime, it does not seem an abuse of discretion to say, in effect, that no amount of evidence of rehabilitation would be sufficient to cause discretion to be exercised to permit employment. Nor can this case be equated as argued, with *Matter of La Greca Rest.* v. *New York State Liq. Auth.* (33 A D 2d 537) wherein was involved an old and comparatively mild arrest record. That action by the Authority may have been abuse of discretion. This is not. Concur — Stevens, P.J., Markewich and Tilzer, JJ.; Murphy, J., dissents and would affirm on the opinion of Justice Fein at Special Term. [68 Misc 2d 251.]