OPINION OF THE COURT
Bentley Kassal, J.
Petitioner in this article 78 proceeding seeks to set aside the order of the respondent commission, which revoked his registration as a longshoreman and continued a prior suspension order, effective June 23, 1977, as arbitrary and contrary to law.
The commission, by order dated June 2, 1977, revoked petitioner’s registration as a longshoreman, effective June 23, 1977 and continued his temporary suspension from registra *689 tion until June 23, 1977. Thereafter, on October 28, 1977, petitioner moved the commission for reconsideration which was denied by the commission by order dated November 23, 1977. The commission based its action solely on petitioner’s criminal conviction.
ISSUES
Two issues are presented by this article 78 petition: (1) whether article 23-A of the Correction Law and section 2A: 168A of the New Jersey Statutes prohibiting the discrimnation against rehabilitated persons who have previously been convicted of a crime applies to respondent Waterfront Commission; and (2) if so, whether the order of respondent Waterfront Commission revoking petitioner’s registration as a longshoreman and continuing his suspension from registration was arbitrary and capricious.
FACTS
Petitioner had been employed on the waterfront from 1951 until 1963 when his permit was revoked because he had failed to work the required number of hours. The reason for such failure was that petitioner had been incarcerated, having been convicted of the crimes of robbery and possession of a weapon, committed on December 31, 1961. Following his conviction in 1962, petitioner served about 7 years and 4 months of a 10- to 11-year sentence until 1970 and remained under parole supervision until September, 1973. He subsequently was issued a State of New York certificate of relief from disabilities. This application is only the most recent in a series of proceedings, commenced in 1974, aimed at granting petitioner the right to resume his previous employment on the New York waterfront.
DISCUSSION
At the commission hearing before an Administrtive Law Judge, only two facts, the seriousness of the crime committed by petitioner and his then age (29 years) can be considered as being unfavorable to petitioner. Factors favorable to petitioner include his noninvolvement with the law, except for a minor misdemeanor fine, prior to the commission of the crimes of which he was convicted, his blameless life after his release from prison in 1970, his steady employment following such release, his established family and his support thereof, and *690 the issuance to him of a certificate of relief from disabilities. Although the crimes of which petitioner was convicted are serious, there may be some mitigation in the fact that his involvement was as a driver of the "pick-up” car. Furthermore, petitioner was guilty of just one unlawful act, rather than a series of violations, and that one incident had no connection with his employment.
I. Applicability of article 23-A of New York’s Correction Law and of section 2A:168A of the New Jersey Statutes to the respondent Waterfront Commission.
The Waterfront Commission Compact is an interstate compact entered into between the States of New York and New Jersey for the purpose of protecting labor from criminal elements and other evil conditions in the Port of New York. (L 1953, ch 882, § 1; NJ Stat, § 32:23-1 et seq. Congress approved the Compact Act of Aug. 12, 1953, ch 407, 67 US Stat 541.)
Article VIII (par 3, subds [a] and [c]) of the Compact specifies the grounds for the denial of an application for registration as a longshoreman. The language of this section is not mandatory, but clearly discretionary; the commission need not deny registration based upon the commission of a crime by the applicant. Paragraph 4 of article IX grants a longshoreman who has been removed from the register the right to seek reinstatement. Additionally, a regulation promulgated by the commission, effective December 29, 1975, now permits a longshoreman who was removed from the register to apply for reinstatement even though the reason for failing to work the required minimum number of days was due to incarceration. (21 NYCRR 8.3.)
From the foregoing it is clear that under the laws of the Compact and under the commission’s own regulations conviction of a crime is not necessarily or automatically a reason for excluding petitioner from the register of longshoremen.
The commission does bear the burden of protecting the Port of New York and its labor force from crime and criminal elements and has been granted discretion by the Compact to regulate the ports for these purposes. However, this does not mean that the commission may ignore the laws and public policy of the States to the Compact. Both New York and New Jersey have passed laws prohibiting discrimination in employment against rehabilitated covicted offenders (Correction Law, art 23-A; NJ Stat, § 2A: 168A) and since both States prohibit such discrimination by employers and require licensing au *691 thorities to license convicted individuals who have been rehabilitated, except under certain enumerated circumstances, the commission, created by the Compact between these States must consider such regulations in making its determinations.
Accordingly, the commission is bound to consider and apply the public policy of both New York and New Jersey, as enunciated in article 23-A of the Correction Law and in section 2A:168A of the New Jersey Statutes.
II. Was the action of respondent commission in denying petitioner’s application for reinstatement to the register of longshoremen arbitrary and capricious?
The question thus presented is whether the determination of the respondent in refusing to reconsider the revocation of petitioner’s registration as a longshoreman was arbitrary and capricious.
In reaching its determination, the commission indicates nowhere in its order that it considered the important public policy enunciated in article 23-A of the Correction Law and section 2A:168A of the New Jersey Statutes, which provide a presumption of rehabilitation where, as here, a certificate of relief from civil disabilities has been issued by a court of competent jurisdiction, or the substantial and undisputed evidence submitted by petitioner regarding his actual rehabilitation since 1970.
To have failed to consider the clearly enunciated salutary public policy of both New York and New Jersey was arbitrary and capricious.
DECISION
Accordingly, the motion is granted to the extent of remanding the matter to the respondent for further consideration consistent with this decision.