■ In the Matter of FRANCIS SUDANO, Respondent, v WATERFRONT COMMISSION OF NEW YORK HARBOR, Appellant. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Waterfront Commission of New York Harbor denying petitioner's application for restoration of his longshoreman's registration, the commission appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated July 9, 1981, which granted the petition, set aside the determination, and directed that petitioner's registration be restored. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Petitioner's registration as a longshoreman was revoked by the Waterfront Commission on June 15, 1972, following a temporary suspension of his registration based upon petitioner's conviction of possession of gambling records in the second degree and attempted criminal usury, and after a hearing which found that in view of the charges, petitioner's presence at the piers and on the waterfront constituted a danger to the public peace and safety. Subsequently, petitioner applied for reinstatement and restoration eight times between 1974 and 1980, and on each occasion his petition was denied. Judicial review was sought of the denial of his petition in 1978. The Supreme Court, New York County, found that "there appears" to be a rational basis for the commission's determination and that the determination was neither arbitrary nor capricious. Following the denial of the eighth application for restoration and a request for reconsideration, petitioner brought this article 78 proceeding in the Supreme Court, Kings County. Special Term recognized that it could not substitute its judgment for that of the commission, but found that, under all of the circumstances, the

persistent denial of petitioner's applications amounted to punishment so disproportionate to the offenses committed as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). We disagree. Judicial review in this case is limited to a determination of whether the administrative decision was arbitrary or capricious. There is a rational basis for the commission's decision, and it was not an arbitrary or capricious act for the commission to deny the application considering the seriousness of the crimes and their effect upon the atmosphere on the New York waterfront. Damiani, J. P., Lazer, Gibbons and Gulotta, JJ., concur.