(October 6, 1987)

■ In the Matter of LEROY T. MALVERTY, Respondent, v WATERFRONT COMMISSION OF NEW YORK HARBOR, Appellant.— Judgment (denominated an order), Supreme Court, New York County (Ethel B. Danzig, J.), entered May 13, 1987, which granted the CPLR article 78 proceeding, vacated and annulled appellant's determination denying petitioner's application for reinstatement to the longshoremen's register as a checker, and remanded the matter to the Commission, reversed, on the law, the petition dismissed and appellant's determination reinstated, without costs or disbursements.

Petitioner had been registered by the Waterfront Commission to work on the waterfront as a checker since 1969, having previously been registered as a longshoreman from 1960 to 1969.

On June 11, 1982, he was arrested in Las Vegas and charged with wire fraud and aiding and abetting in connection with a scheme to defraud Caesar's Palace Hotel and Casino of $350,000, of which petitioner was to receive $80,000. Three months later, in September 1982, he was arrested in New York and charged with conspiracy to commit fraud and transportation of a forged security in interstate commerce in connection with a separate scheme to defraud the Sahara Hotel and Casino of $20,000, of which petitioner's share was $3,000. The fraudulent schemes involved the use of worthless or forged checks and fraudulent driver's licenses for identification, which were presented by petitioner to secure an extension of credit.

On January 10, 1983, petitioner pleaded guilty to the charges involving the Sahara Hotel fraud in the United States District Court for the Southern District of New York and, on February 14, 1983, he was sentenced to a two-year term, which was suspended, and he was placed on probation. On

April 11, 1983, he pleaded guilty in the United States District Court for the District of Nevada in connection with the scheme to defraud Caesar's Palace and was sentenced to a prison term of 2½ years, which he served from June 13, 1983 to March 13, 1985.

On April 5, 1984, petitioner's name was removed from the register as a checker because he had been unable to work on the docks as a result of his imprisonment. On March 15, 1985, two days after his release from prison, he applied for restoration of his registration, which was restored and immediately suspended pending an administrative hearing. Following the hearing, the Commission revoked his checker registration, effective August 19, 1985.

On April 1, 1986, petitioner applied for restoration of his registration, contending that the Commission had not considered his prior record of 23 years of distinguished service and asserting that the prior crimes had been a "stupid mistake", committed at a time when he had a drinking problem and was in great financial difficulty. The Commission denied the application, based upon the "serious nature" of the criminal convictions in 1983, which would render one ineligible for registration as a checker for a period of five years (McKinney's Uncons Laws of NY § 9918 [3] [b], L 1953, ch 882, § 5-n [3] [b], as added by L 1957, ch 188, § 6). In addition, it concluded that his participation "in two well-planned and deliberate schemes to defraud two casinos" demonstrated that he did not possess the requisite "good character and integrity" (McKinney's Uncons Laws of NY § 9918 [3] [a]) to be a checker, "a very sensitive position".

Thereupon, this article 78 proceeding was commenced. The Supreme Court annulled the determination and remanded the matter to the Commission, concluding that it was an abuse of discretion not to grant reinstatement, "at least to the extent of granting him temporary or probationary registration contingent on his continued good behavior." In doing so, the IAS Justice was in part influenced by petitioner's "frank and sincere expressions of remorse for his past mistakes and his apparent commitment to faithfully perform his duties once again if only given a chance".

This was error, especially bearing in mind the limited nature of judicial review available with respect to the administrative determination. The sole question is whether there is a rational basis for the denial of the application and, if a rational basis exists, that ends the court's inquiry. In our view, the court improperly substituted its judgment for that of

the Commission on a matter peculiarly within the competence and province of the administrative agency to determine. As we observed in *Schultz v Waterfront Commn.* (35 AD2d 373, 375), "The courts, not charged with the onus of maintaining orderly conditions in this area, should not substitute their judgment for that of the responsible authority, nor seek to exercise a clement tenderness that is the prerogative of others."

The Waterfront Commission has the discretion to reject an applicant for registration who has been convicted of a felony and, consistent with its responsibility to contain crime on the docks, it may consider the nature and seriousness of the crime and any evidence of rehabilitation *(see, Matter of Sudano v Waterfront Commn.,* 87 AD2d 633, 634, *affd* 56 NY2d 1026; *Schultz v Waterfront Commn., supra; Matter of Anastasio [Waterfront Commn.],* NYLJ, Sept. 12, 1977, at 5, col 6 [Sup Ct, NY County, Fein, J.]; *cf., Matter of Bergansky v State of New York Liq. Auth.,* 39 AD2d 849, 850, *affd* 33 NY2d 813; *Matter of Cantor v New York State Racing & Wagering Bd.,* 73 AD2d 544).

As these and other cases hold, the weight to be accorded evidence of rehabilitation is a matter within the province of the Commission, which may consider the nature and seriousness of the crime in determining whether the applicant should be trusted to work on the piers. The determination by the agency, charged with responsibility in a highly sensitive area involving a person previously convicted of a serious crime, is final unless wholly lacking in rationality *(see, Matter of CC Lbr. Co. v Waterfront Commn.,* 31 NY2d 350, 359-360; *Matter of Taurisano v State Liq. Auth.,* 284 App Div 124, 126).

On this record, insufficient has been shown to conclude that the administrative determination was either arbitrary or capricious, particularly in view of the seriousness of the convictions, concerning two back-to-back fraudulent schemes, involving substantial sums, deliberately planned and executed over a relatively brief period of time. Petitioner's role was not trivial. Notwithstanding the remorse expressed and petitioner's desire to resume his prior employment, appellant "was not required to accept at face value the self-serving declarations of petitioner or the conclusory allegations of the supporting affidavits * * * [which] represented qualitative appraisals of future conduct." *(Schultz v Waterfront Commn., supra,* at 374.)

Rather, it was the Commission's responsibility to reach a

reasoned determination, consistent with its obligation to protect the public interest in relation to eliminating crime on the waterfront and with due regard to the trust invested upon one employed as a checker, who, by statute, directs and checks waterborne freight and records and tabulates the hours of others who work at the piers or other waterfront terminals (McKinney's Uncons Laws of NY § 9905 [5], L 1983, ch 882, § 5-a [5], as added by L 1957, ch 188, § 1). Plainly, it was for the agency, not the court to determine the seriousness of petitioner's prior crimes and their effect upon the atmosphere on the New York waterfront *(see, Matter of Sudano v Waterfront Commn., supra)*.

*Matter of Maloney v Waterfront Commn.* (96 Misc 2d 688), relied upon by the IAS Justice, is distinguishable. In that case, petitioner had been issued a certificate of relief from disabilities, which the Commission did not consider in denying his application for reinstatement. The court observed that the Commission's own regulations did not render conviction of a crime an automatic bar from registration, and cited the New York and New Jersey statutes prohibiting discrimination in employment against rehabilitated convicted offenders (Correction Law art 23-A; NJ Stat Annot, tit 2A, ch 168A). Inasmuch as the certificate of relief from disabilities, which furnished a presumption of rehabilitation, had not been considered, the court in *Maloney* held the administrative determination arbitrary and capricious and remanded the matter to the Commission *(see also, Matter of Cantor v New York State Racing & Wagering Bd., supra)*.

*Maloney (supra)*, however, is inapposite here since the record does not reflect that a certificate of relief from disabilities had been issued. In its absence, the weight to be accorded evidence of rehabilitation was for the administrative body in passing upon the application for reinstatement *(see, Matter of Bergansky v State of New York Liq. Auth., supra, at 850; Schultz v Waterfront Commn., supra, at 375)*. Concur—Murphy, P. J., Sandler, Carro, Kassal and Ellerin, JJ.