*979 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner commenced this article 78 proceeding to review a determination of respondent Waterfront Commission of New York Harbor denying his application for restoration to the longshoremen’s register as a checker, contending that respondent had erroneously ignored the relevant provisions of article 23-A of the Correction Law (i.e., Correction Law §§ 752, 753). Respondent denied the application, in part, because of the serious nature of petitioner’s four felony convictions arising out of two schemes to defraud two Las Vegas casinos and because, as a result of these two deliberate schemes, petitioner lacked the good character and integrity needed for the sensitive position of checker. Supreme Court granted the petition to annul respondent’s determination but the Appellate Division reversed and dismissed, reasoning that a rational basis existed for denying petitioner’s application (133 AD2d 558, 559-561).
We agree with the Appellate Division, for the reasons stated in its memorandum, that a rational basis exists for respondent’s determination under the Waterfront Commission Act (see also, Matter of Sudano v Waterfront Commn., 87 AD2d 633, ajfd for reasons stated below 56 NY2d 1026). We add, however, with respect to an issue not considered by that court, that the provisions of article 23-A of the Correction Law do not apply to the New York/New Jersey Waterfront Commission.
The Waterfront Commission was established by Interstate Compact, approved by Congress (67 US Stat 541), contained in Laws of 1953 (ch 882), title 29 of McKinney’s Unconsolidated Laws of NY (§§ 9801-9937). Part I of title 29 (§§ 9801-9873) is the Interstate Compact between New York and New Jersey; parts II and III (§§ 9901-9937, respectively) consist of implementing provisions which were not part of the Interstate Compact approved by Congress but which were enacted by both the New York and New Jersey Legislatures pursuant to explicit congressional authority to amend and supplement the Compact in the manner provided (see, McKinney’s Uncons Laws of NY §§ 9870, 9937; American Sugar Ref. Co. v Waterfront Commn., 55 NY2d 11, 17, n 1, 27). Parts I and II of the Waterfront Commission Act contain provisions detailing the *980 Commission’s power to regulate the employment of longshoremen on the New York/New Jersey waterfront (see, e.g., McKinney’s Uncons Laws of NY §§ 9828-9829, 9912, 9918).
New York and New Jersey have agreed, and Congress has authorized the two States, to amend and supplement the Interstate Compact, to implement the purposes thereof, by legislative action of either State concurred in by legislative action of the other State (McKinney’s Uncons Laws of NY § 9870). Pursuant to sections 9806 and 9905 (7), the "Compact” between the two States includes the Interstate Compact approved by Congress and any duly enacted amendments or any supplements thereto. In the past, the New York Legislature has expressly stated that certain legislation was amending a certain portion of the "Compact” and that the new law would take effect upon the enactment into law by New Jersey of legislation having an effect identical to New York’s legislation, unless New Jersey had already done so, in which case the amendment would take effect immediately.
In the present case, the absence from the text and legislative history of article 23-A of any reference to the Waterfront Commission, coupled with the absence of an express statement that the Legislature was amending or supplementing the provisions of the "Compact” and that article 23-A would take effect upon the enactment by New Jersey of legislation of identical effect, if it had not already done so, indicates that the New York Legislature never intended article 23-A to apply to the Waterfront Commission. That the two States have evinced the same, or similar, public policy regarding employment opportunities for former inmates by enacting similar "antidiscrimination” laws (see, NJ Stat Annot § 2A-168A-1 et seq. ["Rehabilitated Convicted Offenders Act”]) is not sufficient under the express terms of the "Compact” to render it properly amended or supplemented such that the Commission would be subject to the provisions of article 23-A. Respondent, therefore, did not err in failing to apply article 23-A in denying petitioner’s application for restoration of his checker registration.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.