■ In the Matter of RICHARD N. FREDERICK, Appellant, v CIVIL SERVICE COMMISSION OF THE COUNTY OF SCHENECTADY et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Ryan Jr., J.), entered October 26, 1990 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Civil Service Commission of the County of Schenectady disqualifying petitioner for the position of police officer.

Petitioner, an applicant for employment as a police officer, commenced this proceeding to challenge a determination by respondent Civil Service Commission of the County of Sche-

nectady (hereinafter the Commission) which disqualified him from appointment to such position. Respondent City of Schenectady (hereinafter the City) had determined that petitioner should be disqualified upon the ground that items in his background, specifically a May 1, 1984 conviction for criminal use of drug paraphernalia, made him unsuitable for employment as a police officer.* Pursuant to local civil service rules and an order of Supreme Court petitioner was given an opportunity to submit facts in opposition to his disqualification prior to a final disposition by the Commission (see, Civil Service Law § 50 [4]). Following petitioner's presentation and the City's response, the initial determination was sustained.

Petitioner now challenges that determination as being arbitrary and capricious. Supreme Court found that petitioner had failed to meet his burden of proof of demonstrating that the determination was arbitrary and capricious, and that his disqualification, based upon his prior conviction, was rationally based. Supreme Court dismissed the petition and petitioner has appealed.

Petitioner contends that Supreme Court erred in not directing that a hearing be held (see, CPLR 7804 [h]) to receive evidence on the issue of whether the determination was arbitrary and capricious. Petitioner further contends that the hearing would also determine whether other police officers had been appointed at a time when they had criminal convictions. However, prior to entitlement to a hearing, petitioner had the burden to demonstrate by an evidentiary showing that a triable issue of fact existed (see, Matter of Burke v Axelrod, 90 AD2d 577, 578-579), and his mere conclusory allegations were insufficient to create such an issue. The scope of judicial review is limited to a determination of whether the administrative decision is without a rational basis and therefore arbitrary and capricious. When undisputed facts are found in the record which furnish a sound basis for the challenged determination, the mere presence of other factual disputes does not require a trial (Matter of Currier v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs., 80 AD2d 979). Here, petitioner has failed to demonstrate the presence of any disputed fact issue which requires resolution by a hearing. The underlying basis for the disqualification determination is clear, undisputed and documented, i.e., the 1984 conviction;

---

* The record shows that petitioner had also been convicted of driving while ability impaired, having an unregistered motor vehicle, speeding and disobeying a traffic control device.

thus, a hearing was unnecessary *(see, supra)*. Nor do petitioner's allegations that other officers may have been hired with a history of criminal charges necessitate a hearing insofar as petitioner failed to show that there were any similarities between his and other cases, that special treatment was involved, or that the facts of each separate situation, including his own, were not individually considered on its own distinct merits. Moreover, petitioner was unable to state whether those other police officers had even been convicted.

Petitioner next asserts that the disqualification itself was arbitrary and capricious and lacked a rational basis. Petitioner essentially contends that respondents gave undue consideration to the conviction itself and insufficient consideration of other factors, such as his explanation of the underlying circumstances of the conviction and his life following the conviction. We cannot agree.

Respondents have discretion in considering the prior convictions and moral character of applicants for appointment as police officers *(see,* Civil Service Law § 50 [4] [d]; § 58 [1] [d]; *Matter of Shedlock v Connelie,* 66 AD2d 433, *affd on opn below* 48 NY2d 943), notwithstanding the fact that the applicant may have been issued a certificate of relief from disabilities *(see,* Correction Law § 701; *see also,* Correction Law § 752). It was for respondents, the City initially and the Commission on review, to determine the seriousness of petitioner's prior criminal conviction and its effect upon his eligibility for appointment as a police officer *(see, Matter of Malverty v Waterfront Commn.,* 133 AD2d 558, *affd* 71 NY2d 977). This is especially true where, as here, there is a direct relationship between the type of offense committed and the duties of a police officer *(see, Matter of Stewart v Civil Serv. Commn.,* 84 AD2d 491, 493).

Rationality is what is reviewed and a court may not substitute its judgment for that of a board or body it reviews unless the decision under review is arbitrary, unreasonable or constitutes an abuse of discretion *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231-232). Clearly, petitioner has failed to sustain his burden of proof of demonstrating that the determination was arbitrary or capricious or of overcoming the presumption of correctness *(see,* 6 NY Jur 2d, Article 78 and Related Proceedings, §§ 234, 235, at 124-127). Since respondents have documented a rational basis for the determination, the petition was properly dismissed.

Mahoney, P. J., Casey, Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed, without costs.