Determination of respondent Waterfront Commission of New York Harbor, dated March 23, 2007, denying petitioner’s application for registration as a longshoreman and revoking his temporary registration, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Marcy S. Friedman, J.], entered February 11, 2008), dismissed, without costs.
The determination is supported by substantial evidence. Respondent had the authority to deny petitioner’s application and revoke his temporary registration based solely upon his prior felony conviction (see McKinney’s Uncons Laws of NY § 9829 [a] [Waterfront and Airport Commission Act, part I, art VIII, § 3, added by L 1953, ch 882, § 1, as amended]; Matter of Malverty v Waterfront Commn. of N.Y. Harbor, 133 AD2d 558 [1987], affd 71 NY2d 977 [1988]; Schultz v Waterfront Commn. of N.Y. Harbor, 35 AD2d 373 [1970]). In light of the above, we need not consider whether there was support for the finding that petitioner’s presence at the waterfront was a danger to the public peace or safety (see Uncons Laws § 9829 [c]). There exists no basis to disturb the hearing officer’s evaluation of the evidence and the witnesses’ testimony (see Matter of Berenhaus v Ward, 70 NY2d 436, 444 [1987]), and, contrary to petitioner’s contention, the hearing officer considered the mitigating evidence that was presented on his behalf.
The penalty imposed does not shock the judicial conscience (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237 [1974]; Matter of Malverty v Waterfront Commn. of N.Y. Harbor, 133 AD2d 558 [1987], supra). Concur— Tom, J.E, Saxe, Sweeny, Catterson and DeGrasse, JJ.