NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3104-17T2

THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY,

      Plaintiff-Respondent,

v.

THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY POLICE
BENEVOLENT ASSOCIATION, INC.,

      Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

May 28, 2019

APPELLATE DIVISION

Argued March 7, 2019 – Decided May 28, 2019

Before Judges Simonelli, Whipple and Firko.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4541-17.

Jason F. Orlando argued the cause for appellant (Murphy Orlando, LLC, and Law Office of D. John McAusland, attorneys; W. Michael Murphy, Jr., Jason F. Orland, John W. Bartlett and D. John McAusland, on the briefs).

Sharon K. McGahee argued the cause for respondent (Michael Farbiarz, General Counsel, Port Authority of New York and New Jersey Law Department, attorney; Sharon K. McGahee, on the brief).

The opinion of the court was delivered by

WHIPPLE, J.A.D.

Defendant The Port Authority Police Benevolent Association, Inc. (Association) appeals from the February 7, 2018 order of the trial court vacating an arbitration award in favor of its member. Although this matter began with an arbitration award entered pursuant to the collective bargaining agreement between the Association and plaintiff The Port Authority of New York and New Jersey (Port Authority), our focus is whether the Port Authority, as a bi-state public corporate instrumentality, is subject to New Jersey arbitration law. For the reasons that follow, we reverse the order of the trial court and reinstate the arbitration award.

We discern the following facts from the record. The Association and Port Authority are parties to a collective bargaining agreement known as the Memorandum of Agreement (MOA), which provides for a multi-step grievance procedure concluding with binding arbitration. The MOA distinguishes between member benefits for sick and line-of-duty injury leave. In 2011, Officer Roy Biederman was working the night shift at John F. Kennedy International Airport when, during a scheduled break, he slipped and fell in the shower. Biederman sustained a back injury that kept him out of work for several weeks. The Port Authority classified Biederman's absence from work

as sick leave rather than injury in the line of duty. He filed a grievance, pursuant to the MOA, and the matter was referred to an arbitrator. The arbitrator decided in Biederman's favor and, on July 6, 2017, the arbitrator e-mailed the award to the parties.

On November 3, 2017, the Port Authority filed a complaint and order to show cause seeking to vacate the arbitrator's decision. The Port Authority cited N.J.S.A. 2A:23B-23, which provides the statutory basis upon which an arbitration award may be vacated, as a basis for the Superior Court to vacate the award. The Association answered by arguing, pursuant to N.J.S.A. 2A:24-7, the Port Authority's order to show cause was time barred because it was not filed within three months after the award was served. In reply, the Port Authority argued it was not bound by New Jersey arbitration law because bi-state entities, like the Port Authority, are not subject to unilateral state legislation.

At oral argument before the trial judge, the Port Authority argued New Jersey statutory arbitration law did not apply in actions brought by the Port Authority and instead sought vacatur under the common law. The trial judge issued a written decision that addressed the merits of and reversed the arbitrator's award. At the conclusion of the opinion, the trial judge explained, "[t]he time bar in the New Jersey Arbitration Act does not apply to the

A-3104-17T2

arbitration award at issue." The trial court cited <u>Hess v. Port Authority Trans-Hudson Corp.</u>, 513 U.S. 30, 42 (1994), for the proposition that "bi[-]state entities created by compact, however, are not subject to the unilateral control of any one of the States that compose the federal system." This appeal followed.

When we review a motion to vacate an arbitration award, "we owe no special deference to the trial court's interpretation of the law and the legal consequences that flow from the established facts." <u>Yarborough v. State Operated Sch. Dist. of Newark</u>, 455 N.J. Super. 136, 139 (App. Div. 2018). Indeed, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995).

The Port Authority "is not the agency of a single state but rather a public corporate instrumentality of New Jersey and New York." <u>Sullivan v. Port Auth. of N.Y. & N.J.</u>, 449 N.J. Super. 276, 284 (App. Div. 2017) (quoting <u>Bunk v. Port Auth. of N.Y. & N.J.</u>, 144 N.J. 176, 184 (1996)); <u>see also</u> <u>hip Heightened Indep. & Progress, Inc. v. Port Auth. of N.Y. & N.J.</u>, 693 F.3d 345, 356-57 (3d Cir. 2012). "Neither state may unilaterally impose additional duties, powers, or responsibilities on the Port Authority." <u>Sullivan</u>, 449 N.J.

Super. at 284. The Port Authority Compact specifically provides the Port Authority's powers may be altered "by the action of the legislature of either state concurred in by the legislature of the other." N.J.S.A. 32:1-8. New Jersey courts interpret "concurred in" to encompass a broader set of circumstances than the federal and New York courts.

Our courts have said, "[t]he corollary of the proposition that neither state may individually impose its legislative will on the bi-state agency is that the agency may be made subject to complementary or parallel state legislation." Ballinger v. Del. River Port Auth., 172 N.J. 586, 594 (2002) (alteration in original) (quoting E. Paralyzed Veterans Ass'n, Inc. v. City of Camden, 111 N.J. 389, 400 (1988)); see also Int'l Union of Operating Eng'rs, Local 68 v. Del. River & Bay Auth., 147 N.J. 433, 445 (1997). "[O]ne compact state's statute can be applied to the bi-state agency if it is 'substantially similar' to an enactment of the other state." Santiago v. N.Y. & N.J. Port Auth., 429 N.J. Super. 150, 157 (App. Div. 2012) (quoting Ballinger, 172 N.J. at 594). "If the states do not have complimentary legislation, the court must determine whether the bi-state agency impliedly consented to unilateral state regulation." Sullivan, 449 N.J. Super. at 285. "In order to be deemed substantially similar, the two laws at issue must 'evidence some showing of agreement.' In other words, the New Jersey and [New York] legislatures must 'have adopted a

substantially similar policy' that is apparent in their respective statutes." <u>Ibid.</u> (alteration in original) (quoting <u>Ballinger</u>, 172 N.J. at 600).

The United States Court of Appeals for the Third Circuit and New York's state courts have required evidence of express legislative intent before unilateral state legislation can be found to modify the powers of a bi-state agency. <u>See</u> <u>Int'l Union of Operating Eng'rs, Local 542 v. Del. River Joint Toll Bridge Comm'n</u>, 311 F.3d 273, 276-79 (3d Cir. 2002) (reviewing cases from New Jersey, New York, and federal courts). A court's "role in interpreting [a] [c]ompact is, therefore, to effectuate the clear intent of both sovereign states, not to rewrite their agreement or order relief inconsistent with its express terms." <u>Id.</u> at 276. When a compact's charter states the powers and duties of the bi-state agency can only be amended when both states have "concurred in" the alteration, both state legislatures must make an express statement to that effect. hip <u>Heightened Indep. & Progress, Inc.</u>, 693 F.3d at 357; <u>see</u> <u>Malverty v. Waterfront Comm'n of N.Y. Harbor</u>, 71 N.Y.2d 977, 980 (1988).[1]

---

[1] In one instance, the Third Circuit applied the complimentary and parallel principle, but it was only because the parties to the federal case were in privity with the parties in a case that was resolved in the New Jersey courts, and the Third Circuit gave preclusive effect to the decision. <u>Del. River Port Auth. v. Fraternal Order of Police, Penn-Jersey Lodge 30</u>, 290 F.3d 567, 577 (3d Cir. 2002).

The Port Authority argues we should adopt the Third Circuit's approach and require evidence of express intent before subjecting a bi-state agency to unilateral state law. We decline to do so. Although compact construction presents a federal question, see Cuyler v. Adams, 449 U.S. 433, 438 (1981), "[n]othing in the 'federal system prevents state courts from enforcing rights created by federal law.'" Int'l Union of Operating Eng'rs, Local 68, 147 N.J. at 441 (quoting Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 507 (1962)). "At no time has the United States Supreme Court ruled that state courts do not have jurisdiction to construe [interstate] compacts." Ibid. Thus, we are compelled to apply the complimentary and parallel principle until our Supreme Court or the United States Supreme Court hold otherwise. See, e.g., Scannavino v. Walsh, 445 N.J. Super. 162, 172 (App. Div. 2016).

New Jersey has three sets of arbitration laws: N.J.S.A. 2A:23A-1 to -19,[2] N.J.S.A. 2A:23B-1 to -32, and N.J.S.A. 2A:24-1 to -11. The legislative history of N.J.S.A. 2A:24-1 to -11 reveals New Jersey's arbitration rules are far more entrenched than the Port Authority asserts. In 1923, the Legislature passed the original arbitration act, now codified at N.J.S.A. 2A:24-1 to -11. L. 1923, c. 134. The 1923 arbitration law has been amended several times, see L. 2003, c.

---

[2] The New Jersey Alternative Procedure for Dispute Resolution Act, N.J.S.A. 2A:23A-1 to -19, is not implicated here.

A-3104-17T2

95, § 34; L. 1991, c. 91, §§ 79-80; L. 1984, c. 187, § 1, but its essential provisions, such as filing periods and grounds for vacatur, have remained unchanged. Compare L. 1923, c. 134, § 9 (providing four grounds for vacation of an arbitration award), with N.J.S.A. 2A:24-8 (listing the same four grounds).

In 2002, the Legislature sought to update New Jersey's arbitration framework and passed a bill modeled on the Uniform Arbitration Act. Judiciary Comm. Statement to S. 514 1 (May 9, 2002). The bill's original draft specifically repealed the 1923 arbitration act, N.J.S.A. 2A:24-1 to -11, and intended for all arbitrations to be governed by the modernized arbitration act. S. 514/A. 2847 § 34 (2002). However, then-Governor James McGreevy vetoed the bill on the condition that N.J.S.A. 2A:24-1 to -11 be preserved as it applied to arbitrations arising from collective bargaining agreements. Governor's Veto Statement to S. 514 1-3 (Mar. 10, 2003). The governor expressed concern that the updated arbitration regime would disrupt labor relations. Ibid. In response, the Legislature passed a new bill, codified at N.J.S.A. 2A:23B-1 to -32, that explicitly preserved N.J.S.A. 2A:24-1 to -11 as it applies to disputes arising from collective bargaining agreements. L. 2003, c. 95, § 34; see N.J.S.A. 2A:24-1.1 ("N.J.S.[A.] 2A:24-1 through N.J.S.[A.]

2A:24-11 shall only apply to an arbitration or dispute arising from a collective bargaining agreement or a collectively negotiated agreement.").

As a result, N.J.S.A. 2A:24-1 to -11 applies to all arbitrations arising from collective bargaining agreements; whereas, N.J.S.A. 2A:23A-1 to -19 applies to all other arbitrations, unless the parties' contract states otherwise. Here, because the dispute over the classification of Biederman's injury arose under a collective bargaining agreement, we now must determine whether N.J.S.A. 2A:24-1 to -11 is complimentary and parallel to New York's arbitration rules. This distinction matters because the arbitration rules at issue were not modeled, as the Port Authority argues, on the Uniform Arbitration Act. Moreover, we consider it relevant that the rules the Port Authority seeks to exempt itself from have been consistently applied to collective bargaining agreements for nearly a century.

Neither the 1921 Port Authority Compact, which created the Port Authority, nor the 1951 amendments to the compact expressly provide for application of the 1923 arbitration act against the Port Authority. Nevertheless, we must consider whether New Jersey's arbitration rules are substantially similar to New York's so as to alter the compact and allow application of the arbitration rules against the Port Authority. See Sullivan, 449 N.J. Super. at 285. "Factors to be considered in determining whether laws

9

are substantially similar include: (1) the scope of the comparative laws; (2) the filing limitations period; (3) the types of remedies and damages available; and (4) the right to trial by jury." Id. at 285-86.

New Jersey's and New York's arbitration rules have significant overlap: both allow for confirmation or vacatur of arbitration awards, compare N.J.S.A. 2A:24-7, and N.J.S.A. 24-8, with N.Y. C.P.L.R. 7510, and N.Y. C.P.L.R. 7511; list similar grounds for vacatur, compare N.J.S.A. 2A:24-8, with N.Y. C.P.L.R. 7511; afford the power to stay a proceeding pending arbitration, compare N.J.S.A. 2A:24-4, with N.Y. C.P.L.R. 7503; and provide that awards confirmed, modified, or corrected under either set of rules are enforceable judgments, compare N.J.S.A. 2A:24-10, with N.Y. C.P.L.R. 7514. The New Jersey rules permit parties three months to file for vacatur; whereas the New York rules afford ninety days. Compare N.J.S.A. 2A:24-7, with N.Y. C.P.L.R. 7511. A party has three months to confirm an award in New Jersey but one year to do the same in New York. Compare N.J.S.A. 2A:24-7, with N.Y. C.P.L.R. 7510. Neither set of rules affords a right to trial by jury.

To satisfy the complimentary and parallel test, the respective laws need only advance "a substantially similar policy[.]" Sullivan, 449 N.J. Super. at 285 (quoting Ballinger, 172 N.J. at 600). Here, both sets of arbitration rules

10

encourage alternative dispute resolution and employ the same type of mechanisms, i.e., filing periods and remedies, to promote efficiency.

The Port Authority argues New Jersey's differentiation between arbitrations arising from disputes under collective bargaining agreements and all other arbitrations is dispositive. We disagree and view the distinction as little more than a quirk in the legislative history. Our courts have recognized the Legislature bifurcated the arbitration rules by preserving the 1923 arbitration law. Van Duren v. Rzasa-Ormes, 394 N.J. Super. 254, 257 n.1 (App. Div. 2007); Kimm v. Blisset, LLC, 388 N.J. Super. 14, 28 (App. Div. 2006). Yet, this has not prevented courts from applying N.J.S.A. 2A:24-1 to -11 to disputes arising under collective bargaining agreements as the Legislature intended. See, e.g., Amalgamated Transit Union, Local 880 v. N.J. Transit Bus Operations, Inc., 200 N.J. 105, 120 (2009).

As a practical matter, both states' respective arbitration rules have been applied to arbitrations arising under collective bargaining agreements. See, e.g., Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201-02 (2013); Yates v. Cty. of Nassau, 93 N.Y.S.3d 681, 682 (App. Div. 2019); Wright v. N.Y.C. Transit Auth., 86 N.Y.S.3d 820, 830 (Sup. Ct. 2018). This includes actions brought by the Port Authority to vacate an award. See, e.g., Port Auth. of N.Y. & N.J. v. Local Union No. 3, 117 A.D.3d 424, 424

11

(N.Y. App. Div. 2014). Moreover, the Port Authority has previously invoked N.J.S.A. 2A:24-1 to -11 as grounds to vacate an arbitration award, yet, up and until this point, it did not raise the unilateral state legislation argument currently advanced. Port Auth. Police Sergeants Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J., 340 N.J. Super. 453, 458 (App. Div. 2001).

We consider New Jersey's and New York's respective arbitration rules "substantially similar" such that the Port Authority is subject to New Jersey's arbitration law. In so concluding, the Port Authority's order to show cause is time barred, pursuant to N.J.S.A. 2A:24-7, because it was filed more than three months after the arbitrator served his award. Even if, as the Port Authority suggests, the common law governs our analysis, the Port Authority's complaint was still filed out of time. Indeed, our Supreme Court has held, unless a contract provides otherwise, "the prevailing party retains the common-law right to seek confirmation in a plenary proceeding within the six-year statute of limitations applicable to contracts. Although the losing party may not institute an action to vacate an award after the expiration of three months . . . ." Policeman's Benevolent Ass'n, Local 292 v. Borough of N. Haledon, 158 N.J. 392, 403 (1999) (citation omitted). The Port Authority lost the arbitration but did not seek vacatur within the three months after the arbitrator e-mailed the award.

We also reject the Port Authority's argument that we should relax the time bar because the arbitrator e-mailed rather than served the award consistent with N.J.S.A. 2A:24-7. The statute provides, "[t]he award must be in writing and acknowledged or proved in like manner as a deed for the conveyance of real estate and delivered to one of the parties or his [or her] attorney." N.J.S.A. 2A:24-7. Awards issued pursuant to N.J.S.A. 2A:23B-19 need only be signed by the arbitrator and given to the parties, which was the case here. Neither the 1923 nor the 2003 laws require that an arbitrator serve an award on the parties consistent with Rule 1:5-1, and we decline to read such a requirement into N.J.S.A. 2A:24-7. Moreover, the Port Authority does not dispute it received the award on July 6, 2017, and fails to identify the date on which it considers the three-month filing period to have begun. As a result, we consider this argument meritless.

Because it was error for the trial court to address the Port Authority's complaint on its merits, it is unnecessary for us review the trial court's decision to vacate the arbitration award. Instead, we reverse the trial court's order and reinstate the arbitration award.

We do not address the remaining arguments as they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3104-17T2