■ SALVATORE SFERRAZZA, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, and AMEC CONSTRUCTION MANAGEMENT, INC., Respondent. [777 NYS2d 645]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered May 2, 2003, which, to the extent appealed from, denied that part of defendant Port Authority's motion for summary judgment dismissing the claim under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff was engaged in recovery and cleanup efforts at the World Trade Center site following September 11, 2001, when he allegedly slipped on a defective ladder. The Port Authority's motion was granted with respect to claims for common-law negligence and under Labor Law § 241 (6). As to the surviving claim, the Port Authority argues that it was not the owner of the property within the meaning of the statute, inasmuch as the City had taken over possession and control of Ground Zero during the cleanup operation.

Section 240 (1) imposes absolute, nondelegable liability on an owner for injury proximately caused by breach of the statutory duty, even where the job was being performed by an independent contractor over which the owner exercised no supervision or control (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]). An owner's duty to provide safe working conditions is nondelegable regardless of the element of control (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560 [1993]). The Port Authority's liability is not negated by the fact that its temporary divestiture of control over the property during the removal of debris may have been involuntary. Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.