Wortham v Port Auth. of N.Y. & N.J. (2019 NY Slip Op 08278)





Wortham v Port Auth. of N.Y. & N.J.


2019 NY Slip Op 08278


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


10347 155686/17

[*1] Derek Wortham, Plaintiff-Respondent,
v
The Port Authority of New York and New Jersey, Defendant-Appellant, Skanska USA Inc., et al., Defendants.


The Port Authority Law Department, New York (Allen F. Acosta of counsel), for appellant.
Law Offices of Stefano A. Filippazzo, P.C., Brooklyn (Louis A. Badolato of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered May 30, 2018, which denied the motion of defendant Port Authority to dismiss the claim as against it alleging violations of Labor Law §§ 240(1), 241(6) and § 241-a, unanimously affirmed, without costs.
"The Port Authority is an interstate compact agency and as such is not subject to New York legislation governing internal operations'. . . unless both New York and New Jersey have enacted legislation providing that the same is applicable to the Port Authority" (Matter of Lopez v Port Auth. of N.Y. & N.J., 171 AD3d 500, 501 [1st Dept 2019]). "However, the Port Authority, albeit bistate, is subject to New York's laws involving health and safety, insofar as its activities may externally affect the public'" (id., quoting Matter of Agesen v Catherwood, 26 NY2d 521, 525 [1970]). More particularly, courts have repeatedly held that the Port Authority is subject to New York Labor Law (see e.g. O'Brien v Port Auth. of N.Y. & N.J., 29 NY3d 27 [2017]; Nolan v Port Auth. of N.Y. & N.J., 162 AD3d 488 [1st Dept 2018]; Jerez v Tishman Constr. Corp. of N.Y., 118 AD3d 617 [1st Dept 2014]; Verdon v Port Auth. of N.Y. & N.J., 111 AD3d 580 [1st Dept 2013]; Sferrazza v Port Auth. of N.Y. & N.J., 8 AD3d 53 [1st Dept 2004]).
Contrary to the Port Authority's interpretation of Matter of Malverty v Waterfront Commn. of N.Y. Harbor (71 NY2d 977 [1988]), the Court of Appeals did not, in that case, overrule its holding in Agesen.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK