Rosario v Port Auth. of N.Y. & N.J. (2020 NY Slip Op 00365)





Rosario v Port Auth. of N.Y. & N.J.


2020 NY Slip Op 00365


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10804 150040/18

[*1] Miguel Rosario, Plaintiff-Respondent,
v
Port Authority of New York & New Jersey, Defendant-Appellant, One World Trade Center LLC, et al., Defendants.


London Fischer LLP, New York (Brian A. Kalman of counsel), for appellant.
Gorayeb & Associates, P.C., New York (Martin J. Moskowitz of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered December 12, 2018, which, inter alia, denied the motion of defendant Port Authority of New York & New Jersey to dismiss the Labor Law §§ 240(1) and 241(6) claims as against it, unanimously affirmed, without costs.
The court properly rejected the Port Authority's arguments that as a bistate entity created by a federally approved compact (see Matter of Agesen v Catherwood, 26 NY2d 521, 524 [1970]), it cannot be held liable under Labor Law §§ 240(1) or 241(6) for injuries plaintiff allegedly sustained while working in a building owned by the Port Authority (see Wortham v Port Auth. of N.Y. & N.J., __ AD3d __, 2019 NY Slip Op 08278 [1st Dept 2019]; see generally Agesen, 26 NY2d at 525). The Compact Clause of the United States Constitution is not implicated by the application of such New York workplace safety statutes to the Port Authority work site located in New York, which does not encroach on federal supremacy (see Cuyler v Adams, 449 US 433, 440 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK