Ayars v Port Auth. of N.Y. & N.J. (2020 NY Slip Op 01120)





Ayars v Port Auth. of N.Y. & N.J.


2020 NY Slip Op 01120


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


11043 158178/17

[*1] Mario Ayars, Plaintiff-Respondent,
v
The Port Authority of New York and New Jersey, Defendant-Appellant, George Washington Bridge Bus Station Development Venture LLC, et al., Defendants. New York State Trial Lawyers' Association, New York State AFL-CIO, and New York State Committee for Occupational Safety and Health, Amici Curiae.


The Port Authority of New York and New Jersey Law Department, New York (Allen F. Acosta of counsel), for appellant.
The Perecman Firm, P.L.L.C., New York (Peter D. Rigelhaupt of counsel), for respondent.
Pollack, Pollack Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for New York State Trial Lawyers' Association, amicus curiae.
Colleran, O'Hara & Mills LLP, Woodbury (Michael D. Bosso of counsel), for New York State AFL-CIO, amicus curiae.
Charlene Obernauer, New York (Suzanne Y. Mattei of counsel), for New York State Committee for Occupational Safety and Health, amicus curiae.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered June 26, 2018, which denied the motion of defendant Port Authority of New York and New Jersey to dismiss plaintiff's Labor Law §§ 240(1) and 241(6) claims as against it, unanimously affirmed, without costs.
The court properly rejected the Port Authority's arguments that as a bistate entity created by a federally approved compact (see Matter of Agesen v Catherwood, 26 NY2d 521, 524 [1970]), it cannot be held liable under Labor Law §§ 240(1) or 241(6) for the injuries plaintiff [*2]sustained while working in a building owned by the Port Authority (see Rosario v Port Auth. of N.Y. & N.J., AD3d , 2020 NY Slip Op 00365 [1st Dept 2020]; Wortham v Port Auth. of N.Y. & N.J., 177 AD3d 481 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK